**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PAMELA HATHRON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-618-GKF-PJC |
| ) | |
| QUICK-TRIP CORPORATION, ) | |
| CHET CADIEUX, MARK "DOE" ) | |
| INDIVIDUALLY AND IN THEIR ) | |
| OFFICIAL CAPACITY AS EMPLOYEES ) | |
| FOR QUICK-TRIP CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Dismiss filed by defendants QuikTrip Corporation and Chester Cadieux III [Document No. 9].

Dismissal for failure to state a claim upon which relief can be granted is appropriate only if the complaint, viewed in the light most favorable to the plaintiff, lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1974 (2007); *U.S. ex rel. Conner v. Salina Reg'l Health Ctr., Inc.*, 543 F.3d 1211, 1217 (10th Cir. 2008).

On July 9, 2006, plaintiff Pamela Hathorn ("Hathorn"), an African-American, purchased a money order for $300 from a QuikTrip convenience store in Tulsa, Oklahoma. [Complaint, ¶¶ 1, 7]. On October 26, 2006, Hathorn returned to the same store, which she frequently patronized, to redeem her money order. [Complaint, ¶¶ 8, 22]. Hathorn handed the money order to a store clerk named Alisha, who returned it, instructing Hathorn that she must endorse the money order before the store could redeem it. [Complaint, ¶ 9-10]. Hathorn endorsed the money order and returned it to Alisha to be redeemed. [Complaint, ¶ 11].

QuikTrip employee Mark "Doe," subsequently identified by QuikTrip as Mark Volverding, a Caucasian male, rushed over to Alisha's cash register and told Alisha she could not redeem Hathorn's money order, which he referred to as "bad money." [Complaint, ¶¶ 12-13, 24]. Alisha momentarily stopped processing the repayment and told Volverding she believed she could redeem the money order. [Complaint, ¶¶ 14-15]. Volverding then bet Alisha a beer that the money order was "bad" and could not be redeemed. [Complaint, ¶¶ 17-18]. Alisha accepted the bet and finished processing the money order, which proved to be valid. [Complaint, ¶¶ 19-20].

Hathorn brings two claims in this action. The first is a civil rights claim under 42 U.S.C. § 1981. Hathorn contends that QuikTrip deprived her "of the full and equal benefit of all laws and proceedings for the security of persons and property as are enjoyed by white citizens." [Complaint, ¶ 34], 42 U.S.C. § 1981(a). Hathorn's second claim is a pendent state claim of slander per se.

To establish a prima facie case of discrimination under § 1981, a plaintiff must show:

(1) that the plaintiff is a member of a protected class;

(2) that the defendant had the intent to discriminate on the basis of race; and

(3) that the discrimination interfered with a protected activity as defined in § 1981.

*Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001). QuikTrip contends that Hathorn does not allege facts demonstrating a violation of the equal benefit clause.

Few reported cases have arisen under the equal benefit clause of § 1981. In *Chapman v. Higbee Co.*, 319 F.3d 825 (6th Cir. 2003), where the Sixth Circuit permitted a § 1981 action to proceed upon a claimed violation of the equal benefit clause, the African-American plaintiff was stopped in a Dillard's Department Store, directed to a fitting room, and searched by having her remove her coat and jacket and lifting up her skirt due to erroneous suspicion of shoplifting. In

*Philip v. University of Rochester*, 316 F.3d 291 (2nd Cir. 2003), private university security officers had summoned the police to help disperse a group of black students gathered on university property. Four students were arrested and held overnight, and all charges were subsequently dismissed. In *Pierre v. J.C. Penney Co., Inc.*, 340 F.Supp.2d 308 (E.D.N.Y. 2004), the plaintiff, a black woman, was accused of shoplifting, forced to return to the store, searched, and detained for nearly three hours though the search revealed no stolen merchandise. In each of these cases, which permitted § 1981 actions to proceed upon a claimed violation of the equal benefit clause, the plaintiffs alleged detentions or arrest or searches by police or security personnel.

The parties have not directed the Court to any Supreme Court or Tenth Circuit cases which address the sufficiency of claims brought pursuant to the equal benefit clause. However, another district court in this circuit did so in *Lewis v. Commerce Bank & Trust*, 333 F.Supp.2d 1019 (D. Kan. 2004). In that case, the U.S. District Court for the District of Kansas addressed whether a proposed amended complaint stated a claim for the violation of the equal benefit clause. The plaintiff, a black male, had entered a branch of defendant's bank for the purpose of cashing a student loan check drawn upon an account of the bank. The plaintiff alleged that the bank had profiled him as a "dangerous, suspicious individual" who was casing the bank and likely to be involved in a bank robbery, and that the bank had communicated the information to other banks in the area. The court stated it was aware of no law or proceeding for the security of persons or property which is violated by this conduct. The plaintiff also submitted an affidavit in which he stated that defendant delayed for fifteen to twenty minutes to have his student loan check cashed because the bank's employees were suspicious of him on account of his race. The court concluded that the statements made in the affidavit did not describe a situation in which plaintiff was denied

the equal benefit of laws and proceedings for the security of his person or property. "The feeling of detention is simply not comparable to the cases cited above [including *Chapman* and *Philip*] where persons actually were detained by police officers or security personnel." *Id.* at 1021.

Here, as in *Lewis*, the plaintiff was neither searched, detained, nor arrested. Ms. Hathorn does not alleged that she was denied the right to redeem her money order or that she was subjected to any additional conditions to do so. The Complaint itself suggests that Hathorn's money order was redeemed as requested. "While the incident was unfortunate and undoubtedly disconcerting and humiliating, it does not constitute a violation of the statute[]." *Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1118 (10th Cir. 2001) (a § 1981 interference with contract claim), citing *Morris v. Office Max, Inc.*, 89 F.3d 411, 415 (7th Cir. 1996) (involving both a § 1981 and a § 1982 claim). The allegations of the Complaint, including Mark Volverding's alleged ignorant and insensitive comments, are insufficient to state a claim for relief under Section 1981 against the defendants.

"A claim seeking personal liability under section 1981 must be predicated on the actor's personal involvement." *Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 983 (10th Cir. 1991), overruled on other grounds by *Kendrick v. Penske Transp. Servs.*, 220 F.3d 1220, 1228 (10th Cir. 2000). The Complaint contains no allegations that Cadieux was personally involved with the incident giving rise to the present action. In addition to the grounds set forth above, the absence of any factual allegation from which to infer some causal connection between Cadieux and the alleged discriminatory action requires dismissal of defendant Cadieux for failure to state a claim upon which relief can be granted.

Finally, plaintiff's pendent claim for slander is barred by the applicable one-year statute of limitations. Under Oklahoma law, a slander claim must be brought within one year after it accrues.

Okla. Stat. tit. 12, § 95(A)(4). According to the Complaint, Volverding's alleged slanderous statements were published on October 26, 2006, almost two (2) years before plaintiff filed the present action. The slander claim must be dismissed as time-barred.

**WHEREFORE**, the Motion to Dismiss filed by defendants QuikTrip Corporation and Chester Cadieux III [Document No. 9] is granted.

**IT IS SO ORDERED** this 4th day of December 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma